UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HOLLAND & KNIGHT,<br><br>                Plaintiff,<br><br>     vs.<br><br>ALAN DEATLEY, et al<br><br>                Defendants. | No. CV-06-0278-JLQ<br><br>ORDER DENYING MOTION TO DISMISS; DIRECTING FILING OF ANSWERS TO COMPLAINTS; SETTING SCHEDULING CONFERENCE |
| RICHARD B. PRICE,<br><br>                Plaintiff,<br><br>     vs.<br><br>ALAN DEATLEY. et al,<br><br>                Defendants. | No. CV-06-0309-JLQ |

      Before the court is the Defendant Alan Deatley's Motion to Dismiss for want of diversity jurisdiction. These two actions were separately filed in this court by a non-Washington law firm, Holland & Knight, and a Washington sole practitioner, Richard Price, against Alan Deatley to recover fees for legal services allegedly provided to the Defendant, Alan Deatley, in an action filed by Alan Deatley against his father, Albert Deatley.

      In the Holland and Knight Amended Complaint, CV-06-278-JLQ, the Plaintiff has alleged that it has its principal place of business in the state of Florida and that the Defendant, Alan Deatley, is a citizen of the state of Washington. Holland and Knight therefore alleges diversity of citizenship jurisdiction and that the amount in controversy

ORDER - 1

1  exceeds $75,000.  In his Motion to Dismiss, the Defendant does not challenge the
2  citizenship or amount in dispute allegations.

3  In the Price Complaint, CV-06-0309-JLQ, the Plaintiff alleges that he is a citizen
4  of the state of Washington and that the Defendant, Alan Deatley, is a citizen of the state
5  of Colorado.  The Plaintiff Price alleges diversity of citizenship as the amount in
6  controversy is alleged to exceed $75,000.  The Defendant, in his Motion To Dismiss,
7  does not challenge these allegations of the Plaintiff Price.

8  The Defendant, in his Affidavit filed on July 10, 2007 as Clerk's Record 58, states
9  that he is "a resident and domiciled in the State of Colorado in that my principal residence
10 is at Walden, Colorado on a ranch there, and I am registered to vote and have a Colorado
11 driver's license."  In the Defendant's rather convoluted Motion With Memorandum To
12 Dismiss For Lack of Diversity Jurisdiction (C.R. 57) and his Reply brief (C.R. 94) the
13 Defendant argues that Holland and Knight was a Washington citizen at the time the legal
14 services were performed.  In view of the Defendant's admission in his Affidavit of
15 Colorado citizenship, even if Holland and Knight was treated as a Washington citizen,
16 diversity would still exist.

17 The above-entitled actions were consolidated by Order of this court on January 19,
18 2007 (C.R. 19) allegedly to enable the Plaintiffs to commonly seek service of process on
19 the Defendant who has arguably been attempting to avoid service of process.  However,
20 the Order consolidating the two matters directed that all pleadings should retain their
21 separate individual titles and headings, but that all filings should be made in cause No.
22 CV-06-278.

23 In his Motion To Dismiss, the Defendant argues that the court's consolidation of
24 these two actions destroys diversity of citizenship in that the Plaintiff Price is a
25 Washington citizen and in the Holland and Knight action that firm has alleged that the
26 Defendant Alan Deatley is a Washington citizen, even though that allegation appears to
27 be erroneous as confirmed by the Defendant's own Affidavit that he is a Colorado citizen.
28 ORDER - 2

Even assuming the Defendant's citizenship is as alleged by Holland and Knight the consolidation of these two actions does not destroy diversity jurisdiction in each individual action. *Johnson v. Manhattan Railway Co.*, 289 U.S. 479, 496 (1933); *Continental Airlines, Inc. v. Goodyear Tire*, 819 F. 2d 1519, 1523, f.n.1 (9th Cir. 1997).

The Defendant herein, Alan Deatley, next contends that the Plaintiffs in each action should have joined the Defendant's father, Albert Deatley, who was the Defendant in Alan Deatley's underlying action in this court. The Plaintiffs herein seek recovery of fees for the representation of the Plaintiff in that action, Alan Deatley, in case No. CV-04-3082-JLQ. The Defendant contends that since Albert Deatley is a citizen of the state of Washington, joinder of Albert Deatley, the father, would destroy diversity in the Price action. This argument is frivolous. The father, Albert Deatley, has nothing to do with this action which seeks to recover attorney fees from the son for representation provided the son in his suit against his father. That matter has been fully settled and compromised and an Order of Dismissal With Prejudice (C.R. 247) of that action was entered on August 9, 2006, well before the institution of these attorney fees actions.

Finally, the Defendant herein contends that diversity jurisdiction is lacking because of the joinder of the Washington law firm of Paine Hamblen, *et al* as a Defendant. However, Paine Hamblen was only joined as a nominal party as the stakeholder of the fund set aside by the Defendant, Alan Deatley, to guarantee payment of his attorney fees. No monetary or other relief against Paine Hamblen is sought by either of the Plaintiffs in these two actions. The rule of law is clear that the presence of a nominal party does not destroy diversity jurisdiction. *Matchet v. Wold*, 818 F. 2d 574, 576 (7th Cir. 1987); *Strotek Corp. v. Air Transport Assn.,* 300 F. 3d 1129, (9th Cir. 2002). Being a nominal party, the joinder of Paine Hamblen does not destroy the diversity of jurisdiction allegations in either of these two action.

For the foregoing reasons, the Motion To Dismiss of the Defendant Alan Deatley must be and is DENIED. The Defendant shall file his Answer to the Amended Complaint

ORDER - 3

of Holland and Knight and a separate Answer to the Complaint of Richard Price utilizing the pleading heading as specified in this court's Consolidation Order. Those Answers shall only be filed under cause No. CV-06-0278-JLQ and shall be filed on or before the 15th day of August, 2007.

A telephonic Scheduling Conference will be held in this matter on August 30, 2007 at 1 p.m.. If any counsel will be at a telephone number other than that listed in their pleadings, they shall so notify Margaret Buckner, the court's Judicial Assistant, at 509-458-5280 on or before August 28, 2007. Counsel will be given a Scheduling Conference Notice setting forth the requirements of each party's Certificate covering the matters specified therein and such Certificate shall be served and filed prior to the date set forth in that Notice. Only counsel admitted to practice or permitted to participate *pro hac vice* will be included in the conference call. The court notes, with some concern, that Jennie Deden Behles, a non-admitted attorney, who has a *pro hac vice* petition pending, but not ruled on, has been signing and filing pleadings on behalf of the Defendant Alan Deatley. As the file in this matter reflects, serious questions exist concerning the application filed by Ms. Behles and this court has not granted her permission to appear. Unless the court so orders, Ms. Behles shall not participate in this matter, except to file the materials ordered by this court's Order of July 30, 2007. Mr. Powers shall advise Ms. Behles of the content of this Order.

The Clerk of this court shall enter this Order and forward copies to counsel.

**DATED** this 31st day of July 2007.

                s/ Justin L. Quackenbush
            JUSTIN L. QUACKENBUSH
     SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4