UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

IN RE:

DEATLEY LITIGATION

NO. CV-06-0278-JLQ

**AMENDED[1] ORDER DENYING MOTIONS TO STRIKE AND FOR RECUSAL**

## I. INTRODUCTION

Presently before the court is an affidavit of Defendant DeAtley and two motions requesting disqualification of the undersigned judge filed pursuant to 28 U.S.C. § 144 (Ct. Rec. 252) and alternatively, 28 U.S.C. § 455 (Ct. Rec. 256). Also are Defendant's Motion to Strike Memorandum in Opposition to Motion (Ct. Rec. 292) and Defendant's Motion to Strike Affidavit in Opposition to Motion (Ct. Rec. 312). For the reasons that follow, the court finds that the facts asserted are legally insufficient to warrant recusal under the standards of either statute.

///
///
///
///

---

[1] This Order is to replace (in its entirety) the court's Order entered on Friday February 8, 2008 (Ct. Rec. 320), which omitted rulings the court had intended, including a decision on the motions to strike.

ORDER - 1

## II. MOTIONS TO STRIKE

Defendant DeAtley's Motion to Strike Memorandum (Ct. Rec. 292) requests the court to strike Plaintiffs' response to his motions to disqualify as untimely. Defendants' calculation of Plaintiffs' deadline fails to consider the additional three days permitted by Fed.R.Civ.P. 6(e) and the Eastern District's Administrative Procedures for ECF Rule II.B[5]. Plaintiffs' response was due Friday, December 28, 2007. Plaintiffs believed they were timely filing their response on Monday, December 31, 2007. A simple miscalculation in the deadline could have easily happened in this instance by mistakenly excluding the intervening legal holiday. Defendants' own difficulties complying with the court's rules governing the filing of motions and subsequent need to re-file pleadings could also have easily contributed to the confusion associated with the computation of the deadline. In the interest of fairness and securing justice on merits Defendant's Motion to Strike Opposition **(Ct. Rec. 292)** is **DENIED**.

Defendant DeAtley has also filed a motion (Ct. Rec. 312) moving to strike the joint affidavit of Andrew Smythe and Gregory Hesler (Ct. Rec. 288), filed January 4, 2008, as untimely (if considered a responsive pleading) or as an impermissible pleading. DeAtley also requests the court to "admit" the rebuttal affidavits of Debra DeAtley and attorney Jennie D. Behles. The court assumes for the same reasons, DeAtley would also object to the Declaration of Richard Price (Ct. Rec. 315), filed January 22, 2008.

In reviewing an affidavit of bias submitted under 28 U.S.C. § 144, the judge only passes upon the timeliness of the affidavit of bias and its compliance with technical requirements of the statute and determines whether the facts alleged in the affidavit, if true, are sufficient to require the judge's recusal. Because the court must assume the facts in DeAtley's affidavit are true, *U.S. v. Merkt*, 794 F.2d 950, 21 Fed. R. Evid. Serv. 256 (5th Cir. 1986), the Smythe-Hesler and Price affidavits would not impact this court's review under § 144. Whereas 28 U.S.C. § 455 has a considerably broader scope than § 144 and requires the court to go beyond the affidavit and determine the merits of the motion, it is arguable whether the court need not accept the Defendants' allegations as true. *See e.g. Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988)(Under § 455, "the

ORDER - 2

factual allegations need not be taken as true, and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."). The court need not resolve this issue here. Although the affidavits of Smythe and Hesler, and Price dispute the accuracy of the facts asserted in DeAtley's affidavit, the court need not consider the truth of these disputed facts. The court need not do so, because even assuming the truth of the *factual* allegations, recusal is not justified.

Accordingly, for purposes of this motion, the court need not consider the affidavit of Andrew Smythe and Gregory Hesler, and Defendant DeAtley's Motion to Strike the Joint Affidavit (Ct. Rec. 312) is **GRANTED**, to the extent that the court will not consider those affidavits in ruling on the recusal motions.

## III. MOTIONS TO DISQUALIFY JUDGE

**A.    Recusal Statutes**

Two federal statutes govern recusal: 28 U.S.C. § 144 and 28 U.S.C. § 455.

1. 28 U.S.C. § 144

Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. Recusal is not automatic. Under the statute the court must first determine (1) whether the affidavit is legally sufficient and (2) whether it was timely filed. An affidavit filed pursuant to § 144 is not legally sufficient unless it "specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party stemming **from an extrajudicial source**." *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980).

ORDER - 3

2. 28 U.S.C. § 455

Section 455 in relevant part provides:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

28 U.S.C. § 455(a) and (b)(1).

As a threshold matter, the undersigned must determine whether the facts alleged are legally sufficient to support a charge of bias or prejudice. The issue is ultimately whether the facts stated in the affidavit "give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Berger v. United States*, 255 U.S. 22, 33-34, 41 S.Ct. 230, 65 L.Ed. 481 (1921) (interpreting the predecessor to section 144).

Defendant DeAtley's allegations generally fall within two categories: 1) judicial rulings and comments in the underlying case and the present case; and 2) the connection between the present case and the underlying case. Thus, the court must determine, in the first instance, under the general principles discussed above, whether these allegations, as set forth in the affidavit, are legally sufficient to warrant recusal and are timely.

**B.    Personal Bias or Prejudice**

The standard for recusal based on personal bias and prejudice under §§ 144 and 455 is the same: " '[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.' " *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (citations omitted); *see also Sibla*, 624 F.2d at 867. The alleged bias and prejudice "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *see also United States v. Azhocar*, 581 F.2d 735, 739-40 (9th Cir. 1978), cert. denied, 440

ORDER - 4

U.S. 907 (1979). " 'An exception to [this] rule is made when a judge's remarks in a judicial context demonstrate such pervasive bias and prejudice that it constitutes bias against a party.' " *United States v. Monaco*, 852 F.2d 1143, 1147 (9th Cir. 1988), cert. denied, 488 U.S. 1040 (1989) (citation omitted). In the absence of specific allegations of personal bias or prejudice, neither prior adverse rulings nor "participation in a related or prior proceeding" is sufficient to constitute the requisite bias or prejudice. *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983); *Davis v. Fendler*, 650 F.2d 1154, 1163 (9th Cir. 1981) (citations omitted).

As a federal judge is presumed to be impartial, a substantial burden is imposed on the party claiming bias or prejudice to show that this is not the case. *See, e.g., United States v. Zagari*, 419 F.Supp. 494, 506 n. 30 (N.D.Cal. 1976). A judge should recuse himself when "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might be reasonably questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453 (1997).

Most notably, there are no statements in the affidavit in support of disqualification based on personal, or extrajudicial, bias. DeAtley's affidavit is based upon rumors, perceptions and opinions he has drawn from his memory of what he himself heard or from what has heard from others. For example, DeAtley states he was told by his counsel in the underlying dispute of *DeAtley v. DeAtley* (Cause No. 04-CV-3082-JLQ) that "Judge Quackenbush did not like me" and that "Judge Quackenbush was prejudiced against me". Ct. Rec. 251, ¶ 5. These allegations are adamantly denied by the attorneys. Accepting as true that his counsel made these statements or others have similarly advised him, a lawyer's opinion as to how a judge has ruled or is likely to rule does not constitute evidence of a judge's partiality. *See In re Martinez-Catala*, 129 F.3d 213, 219 (1st Cir.1997) ("There [was] nothing in the [defense counsel's alleged] statement to indicate that [he] was doing more than making an intelligent prediction," or that would "prove that the judge revealed to defense counsel how the judge intended to rule on the pending motions") (emphasis in original); *Glassroth v. Moore*, 229 F.Supp.2d 1283, 1288-89 (M.D.Ala. 2002) ("The court finds that this letter would not cause a reasonable person to

ORDER - 5

doubt my impartiality, as I did not write it, and it contains no reference to any actions on my part that formed the basis of the statement by plaintiff's counsel").

The court is not required to accept as true under § 144 rumors, conclusions and opinions, as they do not constitute facts. *See United States v. Balistrieri*, 779 F.2d 1191, 1199 (7th Cir.1985), *cert. denied, DiSalvo v. United States*, 475 U.S. 1095, 106 S.Ct. 1490, 89 L.Ed.2d 892 (1986). All of alleged incidents of bias set forth in DeAtley's affidavit relate to judicial proceedings involving DeAtley, his counsel, and the court. *See United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966) ("The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."). In *Liteky v. United States*, the Supreme Court declared:

> First, judicial rulings alone almost never constitute valid basis for a bias or partiality motion ... Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible ... Not establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration, even a stern and short-tempered judge's ordinary efforts at courtroom administration-remain immune.

510 U.S. 540, 541, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).
This language is plainly applicable to the case at bar. DeAtley's evidence of bias relates to the manner in which the court, in his eyes, has treated him and his attorneys before the court. DeAtley's affidavit contains allegations that involve typical judicial rulings that do not establish a basis for any sort of bias. See Ct. Rec. 51 ¶ 11, 16, 20; Ct. Rec. 252, at 6 ¶4b, ¶ 4c, ¶ 4d. For instance, that the court actually *denied* a motion for sanctions against the Defendant and that another motion pertaining to sanctions "continue(s) to hang over the head of Defendant's counsel" is no evidence of bias. Ct. Rec. 252, ¶ 4a. Indeed, a ruling on the motion for sanctions has been delayed only because of the Defendant's filing of the motions for disqualification and the subsequent stay of all

ORDER - 6

hearings, which the Defendant requested. Defendant also contends the fact that the court denied Defendant's motion for mediation within twenty-four hours of its filing is evidence of bias. However, twenty-four hours prior to the Defendant's filing of the motion, the parties had advised the court that they had *agreed* to mediate this matter. Accordingly, the motion was unnecessary, no response was required, and the court's early disposition of the matter pursuant to its authority under L.R. 7.1(6) is an indicator of the prompt administration of justice, not bias.

DeAtley has also made the allegation that the undersigned "participated in attempts to serve DeAtley" in this case. Ct. Rec. 295 at 4. He supports this opinion with the fact that the court's staff contacted Mr. Powers and Ms. Behles, the attorneys who had acted on DeAtley's behalf previously, in order to advise them of and offer them the opportunity to participate in a telephonic status conference -- prior to their having formally entered a notice of appearance in the case. Ct. Rec. 29, 30, 31. Plaintiffs' inability to effectuate service of process on the Defendant and the possibility that the Defendant was evading service had become a concern in the case. The court's discretionary act of giving notice to Mr. Powers and Ms. Behles is not evidence of bias against the Defendant. To the contrary, it evidences the court's interest in the fair and efficient administration of justice and the smooth functioning of our courts, which the court has a duty to ensure.

Nowhere in DeAtley's affidavit does he present events that would amount to "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 541. DeAtley contends that the undersigned became prejudiced against him in the underlying case because the undersigned "did not like the idea that a son would sue a father, even if they were business partners, or engaged in a business together," and because "our side had failed to make the appropriate timely disclosures, failed to name and disclose witnesses, and otherwise was subject to sanction." Ct. Rec. 251 ¶ 5. DeAtley also cites as evidence of bias: 1) what was "said in (my) Orders and (my) behavior at the hearing" in the underlying case of *DeAtley v. DeAtley;* 2) my "comments in various pleadings" which "made it clear that he was very angry with me"

ORDER - 7

(¶ 6); 3) my "comments and actions" related to Defendant's interlocutory appeal taken in this case and the potential for sanctions (¶ 10); and 4) my colloquy with attorney Les Powers at the Rule 16 conference (¶ 19). These allegations lack particularity and rest upon DeAtley's own recollection of what has been stated (or what others have told him was stated), which contrasts sharply with the court's transcribed remarks and written rulings read in context. DeAtley's affidavit based upon his purported memory of transcribed remarks fails as a showing of "specific facts" as required by § 144.

The Supreme Court has held that "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky,* 510 at 554-55. This addresses DeAtley's primary concern with the court's admonition concerning sanctions. DeAtley's affidavit suggests that the court's reference to the potential imposition of sanctions, had and is presently having a chilling effect on defense counsel's performance. See Ct. Rec. 251 ¶ 5, ¶ 13, ¶ 21. Specifically Defendant argues: "The actions of the Judge are such that counsel and Defendant DeAtley are concerned about protecting their own interests as opposed to representing Defendant DeAtley, in a zealous manner when their professional responsibility requires this, because of actions of the court." Ct. Rec. 252 at 5, ¶ 5. Defendant claims as a justification for disqualification that "matters...of potential sanctions against the Defendant DeAtley or his counsel...continue to hang over the head of Defendant's counsel." Ct. Rec. 252 at 4, ¶ 4a. Once again, any of the alleged prejudice here does not stem from an extrajudicial source, nor are any of the court's comments indicative of bias personal to the Defendant. *Souder v. Owens-Corning Fiberglas Corp.*, 939 F.2d 647, 653 (8th Cir. 1991)("antipathy to an attorney is insufficient grounds for disqualification of a judge because it is not indicative of extrajudicial bias against a 'party'"); *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). This court has a duty to control behavior which threatens the orderly administration of justice. That this court's warnings may have unnerved defense counsel, does not itself provide a justification to disqualify the presiding judge. Litigants are entitled to an unbiased judge, not to a judge of their choosing.

ORDER - 8

///

**C. Personal Knowledge of Disputed Evidentiary Facts**

    Defendant contends the undersigned should be disqualified because I presided over the case from which his malpractice counterclaims stem, and therefore I have personal knowledge of disputed evidentiary facts concerning the underlying proceedings. The undersigned has no "personal knowledge" of disputed evidentiary facts since all facts would have been learned by the undersigned in my judicial capacity in this same or the underlying proceeding, which cannot be the basis for disqualification. *Mayes v. Leipziger*, 729 F.2d 605 (9th Cir.1984) (judge assigned to subsequent malpractice action after the same judge had ruled adversely in a separate action involving the same issues was not required to recuse himself because prejudice must result from an extrajudicial source).

    Defendant also argues the undersigned "is or may be a witness...and...rulings and Orders may be evidence, because the fees in part may be determined upon specified fee factors, which requires the Court to hear and determine the reasonableness of the fees, the time spent, the quality of the work, etc., in the underlying case." Ct. Rec. 252 at 2, ¶2; Ct. Rec. 251 at ¶ 5, ¶ 17. The Code of Judicial Conduct states that a judge should disqualify himself or herself if he or she is likely to be a material witness in the proceeding. A.B.A. Code of Judicial Conduct, Canon 3 E (1)(d)(iv). A judge is not required to disqualify himself if the mere possibility exists that a judge might be called as a witness in a case, and a judge is not a "material" witness where there are other available witnesses who can give the same testimony or the judge's testimony can be obtained through other sources.

    Though Defendant DeAtley has actually taken the serious step of naming the undersigned on his recently filed witness list (Ct. Rec. 316), Defendant indicates "Judge Quackenbush's testimony will be only by transcripts of hearings and proceedings in the Underlying Litigation, specifically concerning Plaintiffs' representation of Defendant, failure to comply with discovery and/or other deadlines, failure to submit and qualify expert witnesses, failure to proffer copies of certain documents including but not limited

ORDER - 9

to the Guaranty in the Underlying Litigation.  Defendant does not intend to solicit any other testimony from this witness but is listing this witness in the event disclosure is required. Transcripts may be used as this witness' testimony." Ct. Rec. 316.  There is no basis to call the undersigned because all of the court's rulings and orders are matters of record. Because the written record speaks for itself, any testimony of the undersigned would be cumulative, immaterial and irrelevant.  It would similarly be unnecessary and irrelevant as to the issues pending in plaintiffs' summary judgment motion in regards to the malpractice counterclaim.  Defendant also contends this motion raises the issue of how the *undersigned* would have ruled in the underlying case -- which therefore makes the undersigned a potential witness.  However, the law is that the purpose of the "trial within a trial" that occurs in a legal malpractice action is not to recreate what a *particular* judge or fact finder would have done.  *Brust v. Newton*, 70 Wash.App. 286, 852 P.2d 1092, 1095 (1993). Rather, the task is to determine what a *reasonable* judge or fact finder would have done, i.e., what the result should have been. *Id.*

Ordinarily, the canons of the Code of Judicial Conduct and the rules of evidence would not permit a presiding judge in an underlying case to testify in a subsequent legal malpractice action about his/her personal impressions, thoughts, and/or reasoning that led them to make certain decisions. *See e.g. Merritt v. Reserve Ins. Co.*, 34 Cal.App.3d 858, 110 Cal.Rptr. 511 (1973); *Cornett v. Johnson*, 571 N.E.2d 572, 575 (Ind.Ct.App. 1991). As one court aptly reasoned,  "We must protect the integrity of the judicial deliberative process, as the risks of subjecting it to review far outweigh any possible benefits therefrom. A court's written record, however, generally does not warrant such protection." *Clary v. Lite Machines Corp.,* 850 N.E.2d 423 (Ind.App. 2006).  The fact that the undersigned is already familiar with the facts of the underlying case is a benefit to the Defendant and is not ground for disqualification.

**D. Defendant's Affidavit is not Legally Sufficient and does not Justify Recusal**

The facts alleged by DeAtley, accepted as true and stripped of the opinions, conjectures, surmises and speculation crafted by the Defendant as why the undersigned has ruled as he has, do not give "fair support to the charge of a bent of mind that may

ORDER - 10

prevent or impede impartiality of judgment [on the part of the presiding judge]." *Berger*, 255 U.S. at 33-34, 41 S.Ct. 230. DeAtley has suggested no extrajudicial source of bias or prejudice and there are no specific facts regarding the manner in which proceedings have been conducted which suggest a bias against the Defendant. Thus, the facts alleged by DeAtley, even if true, are legally insufficient to enable a reasonable person to conclude that the presiding judge has a personal bias against the Defendant in this case. Moreover, for the reasons stated above, the court finds that under the facts of this case, a reasonable person, knowing all the facts and circumstances, would not harbor doubts as to the presiding judge's impartiality nor conclude the undersigned is a likely material witness. Thus the court concludes recusal is not justified under either §144 or §455(a) and (b)(1).

**E. Timing**

Recusal and reassignment is not a matter lightly undertaken by a district court judge. The undersigned has carefully considered each of the Defendant's allegations in accordance with the law. This process of review by the presiding judge is intended to protect the system of justice from the corrosive effects of judge shopping by litigants. In addition, judges must be alert to the possibility that those who would question their impartiality may be in fact seeking to delay or avoid an impending adverse decision. While no per se rule exists regarding the time frame in which recusal motions should be filed after a case is assigned to a particular judge, a party is required to make its motion and facts known at the earliest possible time, which is generally held to mean that recusal motions should be filed with reasonable promptness after the ground for the motion is ascertained.

There is heightened concern in this case that these motions have been used for strategic purposes given: 1) that the first incidents of alleged bias in the affidavit stem from a case settled and dismissed over a year and a half ago; 2) that the Defendant filed the present motions just shortly after Plaintiffs' had filed motions for summary judgment and a motion for sanctions was pending; 3) that Defendant DeAtley had admitted that he is concerned "it is highly likely this case will be motioned out of court, by Judge

ORDER - 11

Quackenbush..." (Ct. Rec. 251 paragraph 22); and 4) the history of delay in this case.

A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is. *See In re Union Leader Corp.*, 292 F.2d 381, 391 (1st Cir.), *cert. denied*, 368 U.S. 927, 82 S.Ct. 361, 7 L.Ed.2d 190 (1961). It is "vital to the integrity of the system of justice that a judge not recuse himself on unsupported, irrational or highly tenuous speculation." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir.1987). For these additional reasons, recusal is not appropriate in this case.

### III. CONCLUSION

For the foregoing reasons, the court concludes that 1) the facts alleged by DeAtley could not lead a reasonable person to conclude that a personal bias, either against the Defendant or in favor of the Plaintiffs, exists on the part of the presiding judge, 2) the affidavit in support of recusal is not legally sufficient nor timely filed; 3) under the facts of this case, a reasonable person, knowing all the facts and circumstances, would not harbor doubts as to the undersigned judge's impartiality.

Therefore, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Strike Memorandum in Opposition to Motion (Ct. Rec. 292) is **DENIED**.

2. Defendant's Motion to Strike Affidavit in Opposition to Motion (Ct. Rec. 312) is **GRANTED** as to the pending recusal motions.

3. Defendant's Motion for Disqualification of Judge Pursuant to 28 U.S.C. § 144 **(Ct. Rec. 256)** and Defendant's Motion for Disqualification under 28 U.S.C. § 455 **(Ct. Rec. 258)** are **DENIED**.

4. Defendant's Motion for Withdrawal of Notices of Hearings **(Ct. Rec. 265)** is **DENIED** as **MOOT** per Judge Whaley's order **(Ct. Rec 317)** and this order.

5. Defendant's Motion to Vacate Notice of Hearing **(Ct. Rec. 276)** is **DENIED** as **MOOT**.

6. Defendant's Motion to Expedite Hearing on Motion to Vacate Hearings **(Ct. Rec. 279)** is **DENIED** as **MOOT**.

7. The motions at Ct. Recs. 180, 209, 249, 268, and 303 remain pending. Counsel

ORDER - 12

for the parties are directed to file a pleading no more than 2 pages in length on or before **FEBRUARY 19, 2008** indicating whether or not oral argument is requested on any of these five motions.

The Clerk is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 11th day of February, 2008.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 13