UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

IN RE:

ALAN DEATLEY LITIGATION

NO. CV-06-0278-JLQ

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' PARTIAL MOTION TO DISMISS CONSUMER PROTECTION ACT COUNTERCLAIM**

**BEFORE THE COURT** is Plaintiff Holland and Knight's ("H&K") Motion to Dismiss Defendant Alan DeAtley's ("DeAtley") Consumer Protection Act Claim (Ct. Rec. 209). The court held telephonic hearing on April 4, 2008. Participating in the hearing were attorneys Louis Puccini, Shay Meagle, Kenneth Dugan, Les Powers, and James Perkins for Alan DeAtley. Attorney Robert Sulkin appeared for Holland and Knight and Christopher Howard . The following order is intended to memorialize and supplement the oral ruling of the court.

I.   **BACKGROUND**

The following facts are alleged in the Amended Counterclaim and summarized here for purposes of this motion. Attorney Christopher Howard, who was a partner and agent of H&K, represented the DeAtley in litigation instituted by him against his father ("the Underlying Litigation"). Ct. Rec. 176 at ¶ 11, ¶12.  In May 2006, H&K filed a Notice of Claim of Attorneys' Charging Lien in the Underlying Litigation for claimed unpaid fees and costs totaling $298,590.84.  H&K amended the claim on June 18, 2006, and again on August 15, 2006, increasing the claim to $306,394.58 plus accrued interest. *Id*. at ¶ 19.

DeAtley claims H&K and Howard misrepresented to DeAtley that they would bill

ORDER - 1

fairly, that they would bill in accord with the estimate provided to DeAtley, that they would bill in accord with generally accepted billing procedures, and that they would account for all sums paid by DeAtley. *Id.* at ¶ 21.

DeAtley claims the actions of H&K have been calculated to obtain and disburse the Fund set aside to secure the payment of attorney fees owing by DeAtley without accounting to DeAtley for the charges made to him, the payments tendered to them by DeAtley, or the work allegedly performed on his behalf. *Id.* at ¶ 24. DeAtley claims he sent or delivered checks or money orders to H&K, *id.* at ¶ 27 and they were not applied to the account/billings when received. *Id*. at ¶ 31. H&K and Howard allegedly provided different and conflicting directions to DeAtley in regard to where to tender payment for billings. Id. at ¶ 28. DeAtley claims H&K's alleged estimate of the amount of the billings has been exceeded by several hundred percent without explanation or justification. *Id.* at ¶ 29. DeAtley asserts H&K continued, on multiple occasions after the original invoice, to send inflated billing to DeAtley, and they refused and/or failed to provide an accounting, and ultimately filed suit to collect their invoices in a "summary fashion," without litigation of the balances due. *Id*. at ¶ 76.

Count III of Defendant DeAtley's Counterclaim alleges: "This is a civil action brought for violations of RCW 19.86.020 specifically relating to unfair or deceptive acts or practices in the conduct of the practice of law, and specifically billing DeAtley and others similarly situated for work not performed or not ordered and for the conspiracy or contracting of H&K, Howard and Price to do so among themselves in an attempt to unjustly and wrongfully collect the Fund created in the Underlying Litigation." *Id.* at ¶ 71. On October 29, 2008, H&K filed the instant motion to dismiss requesting dismissal of that portion of Defendant's Consumer Protection Act claim that relates to H&K's "collection efforts." H&K does not move to dismiss that portion of the CPA claim based upon alleged improper *billing* practices.

## II. STANDARD OF REVIEW

The court's review of a motion to dismiss brought under Fed.R.Civ.P. 12(b)(6) is

ORDER - 2

limited to the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). All material factual allegations contained in the complaint "are taken as admitted" and the complaint is to be liberally "construed in the light most favorable" to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Lee*, 250 F.3d at 688. A complaint should not be dismissed under Fed.R.Civ.P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when the claimant's allegations fail to state a claim upon which relief can be granted. Under such a motion, the court will construe the complaint liberally and dismissal will only be granted if "it appears beyond doubt that the plaintiff can prove no set of fact in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Westland Water Dist. v. Firebaugh Canal*. 10 F. 3d 667, 670 (9th Cir. 1993); *Balistreri v. Pacific Police Dep't.,* 901 F. 2d 696, 699 (9th Cir. 1990).

## III.    DISCUSSION

The court has jurisdiction over this matter based on diversity of citizenship and applies the substantive law of the state of Washington. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Under the Washington's Consumer Protection Act, RCW 19.86, "unfair or deceptive acts or practices in the conduct of any trade or commerce are ... unlawful." RCW 19.86.020. A CPA claim requires (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) public interest impact, (4) injury to plaintiff's business or property and (5) causation. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780, 719 P.2d 531 (1986). The Washington Supreme Court has held that certain entrepreneurial aspects of the practice of law, such as "how the price of legal services is determined, billed, and collected and

ORDER - 3

the way a law firm obtains, retains, and dismisses clients [,] " fall within the "trade or commerce" definition of the CPA. *Short v. Demopolis*, 103 Wash.2d 52, 61, 691 P.2d 163 (1984).("[T]hese business aspects of the legal profession are legitimate concerns of the public which are properly subject to the CPA.").

H&K does not contend that DeAtley's CPA claim ought to be dismissed outright. As to H&K's "billing" practices, H&K admits the amended counterclaim states a claim. Rather, H&K argues that the counterclaim fails to allege any collection activities that violate the CPA, and thus that portion of his CPA claim should be dismissed. H&K claims the only facts concerning collection are that 1) H&K filed a lien for unpaid attorney fees; and 2) then ultimately filed suit thereon, and these actions can not qualify as either a deceptive practice or per se violation of the CPA. Although this is a motion to dismiss, H&K additionally relies upon the Declaration of Joel Leonard stating that H&K's final bill for services was issue on January 11, 2007. H&K presumes that only allegations after that date could qualify as "collection" efforts.

DeAtley argues that he has sufficiently pled each of the elements of a consumer protection act claim and thus the motion should be denied. DeAtley contends that H&K made efforts to collect amounts due prior to January 2007, and cites to additional factual allegations in the amended counterclaim regarding billing activities which constitute attempts to collect amounts that are alleged to have not been owed or substantiated. H&K counters that this allegation relates to H&K's billing practices, not its collection efforts.

The *mere* filing of a notice of claim for attorney fees and the filing of a lawsuit when the amounts claimed due are in dispute, does not qualify as an "unfair or deceptive practice" under the CPA. Such facts alone can not support a CPA claim and to this extent, H & K's [Partial] Motion to Dismiss is **GRANTED**. However, the court **DENIES** Plaintiffs broader request that the court dismiss all portions of Defendant's CPA claim relating to "collection efforts", as this request would require the court to parse the facts and define "collection" and "billing" activities, which even the parties

ORDER - 4

have not attempted to do here.  The court does not find such a distinction necessary as DeAtley has otherwise sufficiently pleaded a CPA claim.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Dismiss DeAtley's Consumer Protection Act Claim (Ct. Rec. 209) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED**.  The Clerk is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 7th day of April, 2008.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE
