UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE:<br><br>ALAN DEATLEY LITIGATION | NO. CV-06-0278-JLQ<br><br>**ORDER RE: JUNE 17, 2008 HEARING** |

Pending before the court are numerous motions which the court set for hearing and heard at an in person hearing held June 17, 2008. Appearing on behalf of Defendant Alan DeAtley were Kenneth Dugan, Louis Puccini, Leslie Powers, and James Perkins. Appearing on behalf of Plaintiffs Holland and Knight and Christopher Howard (Plaintiffs hereinafter referred to "H&K") was Robert Sulkin. The following order is intended to memorialize and supplement the oral rulings of the court.

**IT IS HEREBY ORDERED:**

1. On June 16, 2008 counsel for H&K filed a Supplemental Reply indicating that it no longer wished to pursue its Motion for Attorney Fees Under 28 USC § 1927 (Ct. Rec. 180) which had been filed last October. Accordingly, that motion **(Ct. Rec. 180)** is **DENIED** as **MOOT**. Counsel are again reminded to immediately notify the court and other counsel when it is known that *any* motion or *portion* of a motion has been otherwise resolved or is no longer necessary for the court to address.

2. H&K's Motion for Summary Judgment on the Legal Malpractice Claim (Ct. Rec. 243) was orally granted. A separate memorandum opinion and order will follow.

3. DeAtley's Motion to Continue All Case Deadlines and Trial **(Ct. Rec. 474)** is **RESERVED** pending receipt of the parties' *in camera* statements as to whether and why they believe this matter warrants certification for an interlocutory appeal under 28 U.S.C.

ORDER - 1

§ 1292(b) of this court's summary judgment ruling, when entered, with a stay of the attorney fee trial pending determination by the Ninth Circuit of acceptance of the certification.  The parties shall also address whether entry of final judgment on the malpractice claim should be withheld pending completion of the attorney fee trial which would result in the final entry of judgment on all claims and one appeal on all claims.  Certification under § 1292(b) is ordinarily granted only sparingly and in exceptional circumstances.  The court shall receive the parties' *in camera* statements on or before **Monday, June 23, 2008 at 5:00 p.m.**.  Counsel shall fax the statements to the undersigned at (509) 458-5281.

    4. H&K's Motion to Compel **(Ct. Rec. 481)** is **GRANTED IN PART** and **DENIED IN PART**.  The billing records of attorney Leslie Powers are to be furnished to counsel for H&K on or before **July 7, 2008.**  Records produced shall be for the hours spent on services rendered to Alan DeAtley related to the underlying litigation against Albert DeAtley beginning from the time Holland and Knight began representing Alan DeAtley.  Mr. Powers may redact anything in the billing records which would reflect actual advice given, as opposed to merely stating the subject matter of the advice given.  The remainder of H&K's motion is denied.

    5. DeAtley's Motion to Expedite Hearing on the Motion to Assess Sanctions and to Compel Production **(Ct. Rec. 492)** is **GRANTED**. DeAtley Motion for Sanctions against Plaintiffs' Counsel and To Compel Production **(Ct. Rec. 489)** is **GRANTED IN PART** and **DENIED IN PART**. The request for sanctions is denied.

    Counsel for H&K shall immediately furnish to counsel for Alan DeAtley the professional liability insurance policy.  Such policy and the information therein shall be used solely for the purposes of this proceeding and shall be provided or disclosed the parties and their counsel of record in this case.  If it is necessary to file the policy, such policy shall be filed under seal.  Any party desiring to distribute the policy or any portion of its contents beyond the limits as set forth herein shall first obtain agreement of counsel for H & K or permission of the court.

ORDER - 2

Counsel for H&K shall inquire of their client as to existence of any relevant paper or electronic billing records which have not been previously produced, including any records (including data inputs or entries) made before or based upon which final billing statements were generated.  On or before **July 1, 2008,** counsel for H&K shall either produce copies of any such previously unfurnished records in their entirety and file a statement as to records furnished.  The remainder of DeAtley's Motion To Compel is Denied.

6. DeAtley's Motion for Reconsideration re: Order on Motion to Expedite **(Ct. Rec. 494)** is **DENIED**.

**IT IS SO ORDERED**.  The Clerk is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 19th day of June, 2008.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3